AO 91 (Rev. 08/09) Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

In Re: Material Witnesses:

VICTOR ALFONSO ARANGO, DEYVIS NOE HERRERA-PEREZ, JULIO CESAR TORRES CATALA, and JOSE MIGUEL GOMEZ DIAZ

Case No. 21-6552-SNOW

## MATERIAL WITNESS COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  September 29, 2021  in the county of  Broward  in the  Southern  District of  Florida, and elsewhere

| Code Section | Description |
|---|---|
| Title 18, United States Code, Section 3144 | Victor Alfonso Arango, Deyvis Noe Herrera-Perez, Julio Cesar Torres Catala, and Jose Miguel Gomez Diaz are material witnesses in a criminal proceeding, whose presence may become impracticable to secure by subpoena, and therefore whose presence is required at a deposition. |

This material witness complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_(signature)_
*Complainant's signature*

Claudia Velez, Special Agent, HSI
*Printed name and title*

Sworn to and subscribed before me telephonically.

Date: October 1, 2021

_(signature)_
*Judge's signature*

City and state:  Ft. Lauderdale, Florida

Lurana S. Snow, United States Magistrate Judge
*Printed name and title*

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Claudia Velez, being first duly sworn, hereby depose and state as follows:

1.      I am employed as a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), Fort Lauderdale, Florida, and have been so employed since November 2008.  I am currently assigned to the Major Crimes Group, where I am responsible for investigating matters within the jurisdiction of the United States Department of Homeland Security, including violations of the immigration and customs laws of the United States.  I am thus a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C).  I have completed the Criminal Investigator Training Program at Federal Law Enforcement Training Centers in Glynco, GA.  These academics consisted of comprehensive training in multiple disciplines including proper investigative techniques and the application and execution of search, arrest, and seizure warrants for violations of federal laws, including but not limited to violations of the Immigration and Nationality Act (the "ACT").

2.      The statements contained in this affidavit are based upon my own personal knowledge gathered during my participation in this investigation, my previous training and experience, other law enforcement officers and agents, and upon facts and information from the following sources I believe to be reliable: oral and written reports pertaining to this investigation which I received from Hillsboro Police Department, Broward County Sheriff's Office ("BSO") Deputies, and United States Border Patrol ("USBP").  Because this affidavit is being submitted for the limited purpose of securing the testimony of material witnesses, I have not included each fact known to me or law enforcement in the investigation.  I have set forth only the facts that I believe are necessary to establish probable cause that the testimony of witnesses VICTOR ALFONSO ARANGO, DEYVIS NOE HERRERA-PEREZ, JULIO CESAR TORRES CATALA, and JOSE MIGUEL GOMEZ DIAZ is material to the prosecution of DELON KNOWLES ("KNOWLES") who has been charged by way of a criminal

complaint with knowingly and willfully encouraging and inducing an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be a violation of the law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and (v)(II).

## PROBABLE CAUSE

3. On or about September 29, 2021, at approximately 12:43 PM, Homeland Security Investigations ("HSI") was notified about a smuggling of migrants involving a 1988 25' Hydra Sport vessel with two (2) outboard engines. The 25' Hydra Sport vessel docked at a pier at Hillsboro Inlet in Broward County, Florida. Several individuals were seen fleeing. With the assistance of multiple agencies, 15 migrants were located and detained. The vessel was searched and no life vests, food, or fishing equipment were found. Multiple witnesses stated there was water and energy drinks on board.

4. The fifteen (15) suspected migrants were subsequently transported to the USBP Dania Beach Station for processing. At the USBP Dania Beach Station, the fifteen (15) suspected migrants were processed using biometrics (personal identifying information, criminal history, and immigration status) to confirm their identity and nationality. The results of those queries revealed that all fifteen (15) of the individuals were foreign nationals (two (2) from Haiti, one (1) from the Dominican Republic, eight (8) from Cuba, one (1) from the Bahamas, and three (3) from Colombia) who did not possess the proper documentation or authorization to enter, pass through, or reside in the United States.

5. Based upon interviews conducted of the migrants, KNOWLES was identified as the captain or the operator of the 25' Hydra Sport vessel from Bimini, Bahamas to the Hillsboro Inlet.

6. Victor Alfonso ARANGO ("ARANGO"), country of birth Colombia, with no legal status in the United States, stated he flew from Colombia to Panama to Nassau, Bahamas arriving on or about

September 23, 2021.  ARANGO paid $9,000 USD to a black male at Nassau to be smuggled into the United States.  ARANGO traveled by boat from Nashua to Bimini arriving on or about September 26, 2021 where ARANGO remained until departing for the United States.  ARANGO departed from Bimini, Bahamas on September 29, 2021, at approximately 7:00 AM after the captain directed ARANGO and the other persons to get into the vessel quickly.  ARANGO stated there were approximately 15 individuals aboard the vessel.  ARANGO did not see any life jackets on the vessel.  When the vessel arrived at the United States, the captain told the passengers to leave the boat two at a time.  ARANGO saw the other passengers running from the police so he also ran.  ARANGO described the captain of the vessel as a black male with blonde dreds.  ARANGO was shown a 12-person photo array and positively identified KNOWLES as the captain of the 25' Hydra Sport vessel.

7.     Deyvis Noe HERRERA-PEREZ ("HERRERA-PEREZ"), country of birth Dominican Republic, with no legal status in the United States, stated he departed from Bimini, Bahamas aboard the 25' Hydra Sport vessel on September 29, 2021, at approximately 7:00 AM.  HERRERA-PEREZ described the individual that piloted the vessel as a black male with blonde hair dreads.  HERRERA-PEREZ was shown a 12-person photo array and positively identified KNOWLES as the operator of the 25' Hydra Sport.

8.     Julio Cesar TORRES-CATALA ("TORRES-CATALA"), country of birth Cuba, with no legal status in the United States, stated he left Cuba on or about September 20, 2021 to travel to Nassau, Bahamas with his ultimate destination being the United States.  TORRES-CATALA said he did not know how much his brother in Texas paid for his travel.  After boarding the vessel and departing, TORRES-CATALA observed a black male driving.  TORRES-CATALA was shown a 12-person photo array and positively identified KNOWLES as the operator of the 25' Hydra Sport vessel.

9.     Jose Miguel GOMEZ-DIAZ ("GOMEZ-DIAZ"), country of birth Cuba, with no legal status in the United States, stated he traveled by plane from Cuba to Nassau, Bahamas where he traveled by

boat to Bimini.  GOMEZ-DIAZ paid $5,000 USD to be smuggled to the United States to a black male with braids in the Bahamas.   After departing Bimini, GOMEZ-DIAZ observed a black male driving the 25' Hydra Sport vessel.  GOMEZ-DIAZ did not witness any money exchanged while on the boat.  GOMEZ-DIAZ was shown a 12-person photo array and positively identified KNOWLES as the operator of the 25' Hydra Sport vessel.

10.    On or about September 30, 2021 at approximately 11:51 AM, KNOWLES was verbally read his *Miranda* Rights which he waived in writing.  The interview was audio recorded.  KNOWLES stated that he was a passenger and paid $2,000 USD to be smuggled into the United States from Bimini, Bahamas.  KNOWLES said that the captain of the 25' Hydra Sport vessel fled immediately after docking at Hillsboro Inlet.  KNOWLES advised that the captain took KNOWLES' bookbag with KNOWLES' personal belongings.  KNOWLES signed a form consenting to a search of his cellular telephone.  KNOWLES subsequently stated that he wanted to speak to an attorney and the interview ended at approximately 12:33 PM.

11.    On or about September 30, 2021, at approximately 1:15 PM., KNOWLES requested to speak to HSI agents again. An additional notation was written by an agent at the bottom of the *Miranda* rights form previously signed by KNOWLES that says the following: "At 1:21 PM @ Dania Border Patrol, requested to speak without an attorney present"  KNOWLES signed the *Miranda* rights waiver form a second time.  KNOWLES advised that he was offered $5,000 USD to operate the 25' Hydra Sport vessel and transport the individuals from Bimini, Bahamas to the United States.  KNOWLES stated that he received a payment of $2,000 USD before departure from Bimini, Bahamas with the balance of $3,000 USD to be paid after arriving in the United States.  KNOWLES was instructed to abandon the vessel upon arrival at the United States.  KNOWLES stated he was provided a GPS by a tall, light skin black male, with a faded haircut that was aboard the vessel.  KNOWLES was told by the unknown male to follow the directions shown on the GPS.  This unknown male went inside the cabin for the duration of the trip.  As they neared their

destination, this unknown male told KNOWLES where to dock. This unknown male fled the vessel immediately upon arrival to the dock at Hillsboro Inlet. KNOWLES stated that this unknown male took KNOWLES' backpack that contained KNOWLES' personal belongings and the $2,000 USD that KNOWLES was paid in the Bahamas.

12. A preliminary search of KNOWLES' cellular telephone revealed a WhatsApp conversation with "Engine". On or about September 24, 2021, "Engine" told KNOWLES to "Bring gps if u have one". KNOWLES responded on or about September 25, 2021 at 6:54 AM "I have gps".

13. The aforementioned material witnesses are currently in the custody of Homeland Security and are pending removal or other immigration legal processing, due to their status of being illegally in the country.

## CONCLUSION

14. Based on the foregoing facts, your affiant believes probable cause exists that the witnesses' testimony is material and the lack of lawful entitlement to remain in the United States, as well as their pending removals, make them a risk of flight and makes it impractical to secure their presence by subpoena for future proceedings in the case of the United States vs. DELON KNOWLES. Therefore, their arrests and subsequent detention is necessary to preserve their testimony pursuant to Title 18, United States Code, Section 3144.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Claudia Velez, Special Agent
Homeland Security Investigations

Sworn to and subscribed before me telephonically this __1st__ day of October, 2021.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE